UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RACHELLE BAILEY, on behalf of herself
and all others similarly situated,

        Plaintiffs,

v.            **ORDER**
              Civil File No. 14-3091 (MJD/JJK)

CPA GLOBAL SUPPORT SERVICES, LLC,

        Defendant.

---

Alexander M. Baggio and Michele R. Fisher, Nichols Kaster, PLLP, Counsel for Plaintiff.

Ankoor Bagchi and Rachel B. Cowen, DLA Piper LLP, Counsel for Defendant.

---

This matter is before the Court on the Parties' Joint Motion for Preliminary Settlement Approval ("Joint Motion").

After reviewing all of the files and records herein, **IT IS HEREBY ORDERED**:

**Preliminary Approval of Settlement Agreement**

1.    The Parties' Joint Motion is **GRANTED**;

2. The Court has conducted a preliminary fairness review of the Settlement Agreement [Docket No. 30-4] with respect to Plaintiff's claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u> The Court finds that the terms of the Settlement Agreement provide a fair, reasonable, and adequate resolution to a bona fide dispute between the parties.  Considering the strength of the Plaintiffs' case as weighed against the defenses asserted by the Defendant, the proposed Settlement Agreement appears to provide adequate relief.  There has been no indication that the Defendant is unable to pay, or that the Defendant will experience financial hardship because of the Settlement Agreement.  Moreover, further litigation of this matter would prove costly to the parties, especially considering the relatively complex issue of damages in this case.  Finally, the parties indicate that there is no opposition to the settlement at this juncture.

3. The Court finds that the Settlement Agreement was arrived at by arm's-length negotiations by experienced counsel, and falls within the range of possible approval.

## Class Certification

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the prerequisites for a class action have been met. The Court certifies the Proposed Rule 23 Class and FLSA Collective for settlement purposes only (the "Settlement Class"):

> All current and former employees of CPA Global that worked as non-managerial paralegals or docketing specialists, in any location, between August 4, 2011 and September 29, 2014.

5. The Court finds that certification of the Settlement Class is warranted because:

   a. The Settlement Class, which has approximately 85 members, and is geographically dispersed across several of the United States, is sufficiently numerous, and joinder is sufficiently impracticable, to satisfy Fed. R. Civ. P. 23(a)(1)'s numerosity requirement;

   b. There are sufficient legal and factual issues common to the Settlement Class to meet Fed. R. Civ. P. 23(a)(2)'s commonality requirement, including, but not limited to:

      i. Whether Defendant improperly classified Plaintiffs as exempt from overtime laws;

      ii. Whether Defendant owes Plaintiffs overtime compensation as a result of misclassification;

      iii. How to calculate the overtime premium (e.g. whether the fluctuating workweek applies);

      iv. Whether Defendant's conduct was willful or in good faith;

      v. Whether Defendant maintained accurate timekeeping records; and

      vi. The proper measure of damages.

  c. Plaintiff Rachelle Bailey's claims arise out of the same alleged misconduct and therefore satisfy the Fed. R. Civ. P. 23(a)(3)'s typicality requirement;

  d. Common issues, including those listed above, predominate over any individual issues affecting the members of the Settlement Class;

  e. Settlement of this action on a class basis is superior to other means of adjudicating this matter.

## Class Notices

6.    The proposed Notices [Docket Nos. 30-5, 30-6 and 30-7] are approved for distribution.  Class Counsel shall mail the Notices within five (5) calendar days of the date of this Order.  The Parties are permitted to finalize the Notices prior to distribution to include applicable deadlines, adjust page numbers, insert information

regarding the final hearing date, and, on the concluding page, insert today's date and the undersigned's printed name;

### Exclusion Rights and Procedure

7. Members of the Settlement Class who wish to object or opt-out must do so by delivering within 30 calendar days of the mailing of the Notice of Preliminary Settlement Approval a written objection or request to opt-out to Class Counsel (who shall serve all objections as received on CPA Global's counsel and file them with the Court);

### Appointment of Class Representative and Counsel

8. Plaintiff Rachelle Bailey is hereby appointed as Class Representative;

9. Plaintiffs' Counsel Michele R. Fisher and Alexander M. Baggio are hereby appointed as Class Counsel;

### Final Approval Hearing

10. Pursuant to Federal Rule of Civil Procedure 23, a final settlement approval hearing is scheduled for **August 28, 2015, at 9:30 a.m. in Courtroom 13E, 300 South Fourth Street, Minneapolis, MN 55415.** The purpose of the hearing will be:

    a. to determine whether the proposed Settlement is fair, reasonable, and adequate;

    b. to consider any objections to the Settlement by members of the Settlement Class; and

    c. to consider an award of reasonable attorneys' fees and expenses, an incentive award to the Class Representative, and any objections thereto.

Dated: June 24, 2015

s/ Michael J. Davis
The Honorable Michael J. Davis
Chief Judge
United States District Court