UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Rachelle Bailey on behalf of herself
and all others similarly situated and
the Proposed Minnesota Rule 23 Class,

        Plaintiffs,

                              Case No.: 14-CV-03091 (MJD/JJK)

v.

CPA Global Support Services, LLC,

        Defendant.
_____

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
_____

On August 28, 2015, the Court heard the Parties' Joint Motion for Final Settlement Approval. The Court, having considered all of the submissions and arguments with respect thereto, and in accordance with the terms of the Settlement Agreement, grants the Parties' Motion.

**IT IS ORDERED THAT**:

1.     The maximum settlement amount of $235,000.00 is approved;

2.     Plaintiffs' Counsel's request for attorneys' fees in the amount of $78,333.33 is granted;

3.     Plaintiffs' Counsel's request for costs in the amount of $1,251.12 is granted;

4. Defendant shall deliver the settlement checks to Plaintiffs' Counsel within 10 business days of this Order;

5. Plaintiffs' Counsel shall mail the settlement checks to class members within 5 business days of receipt;

6. Named Plaintiff Rachelle Bailey is awarded a service payment of $2,000 in addition to her individual allocation;

7. The claims of Ursula Weeks, who timely opted-out of the settlement, are dismissed without prejudice; and

8. This action is dismissed in accordance with the terms of the Settlement Agreement:

   a. For Plaintiffs who worked for Defendant in any state other than California and who cash their settlement checks, their claims under federal statutory law, state statutory law, and common law concerning minimum wage or wages, hours of work, pay for those hours of work, and payroll practices related to those hours worked from August 4, 2011 to September 29, 2014 are dismissed with prejudice;

   b. For Plaintiffs who worked for Defendant in California and who cash their settlement checks, their claims under federal statutory law, state statutory law, and common law concerning minimum wage or wages,

hours of work, pay for those hours of work, and payroll practices related to those hours worked from August 4, 2011 to September 29, 2014, except those claims related to meal and/or rest breaks under California law, are dismissed with prejudice;

c. For Plaintiffs who worked in Minnesota and who do not cash their settlement checks, their claims under the Minnesota Fair Labor Standards Act are dismissed with prejudice and all other claims are dismissed without prejudice; and

d. For Plaintiffs who worked in any state other than Minnesota and who do not cash their settlement checks, their claims are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date: August 28, 2015
s/ Michael J. Davis
Michael J. Davis
United States District Court